UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, JR., #236528,

       Plaintiff,

v.                                       CASE NO. 5:14-CV-12761
                                       HONORABLE JOHN CORBETT O'MEARA

RICHARD CADY, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT**

**I.    Introduction**

Michigan prisoner Horace Crump, Jr. ("Plaintiff"), currently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a pro se civil rights complaint, as well as an application to proceed without prepayment of the $350.00 filing fee (and without payment of the $50.00 administrative fee) for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff raises claims of retaliation, deliberate indifference, conspiracy, discrimination, denial of equal protection, and intentional infliction of emotional distress arising from his confinement at the Cotton Correctional Facility ("JCF") in Jackson, Michigan. Plaintiff has multiple sclerosis and a visual impairment and asserts that the defendants refused to place him in a single cell, failed to transfer him to a medical prison facility, did not provide him with key (versus combination) locks for his property, and did not give him antibacterial soap and wipes. He names Richard Cady, a Resident Unit Manager at JCF, Karen Rhodes, a doctor at JCF, and the Michigan Department of Corrections ("MDOC") as the defendants in this action. He seeks declaratory, injunctive, and monetary relief.

Having reviewed the matter, the Court denies the application to proceed without prepayment

of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., Crump v. Janz, et al.,* No. 1:10-CV-00583 (W.D. Mich. July 19, 2010); *Crump v. Patrick, et al.*, No. 1:11-CV-00015 (W.D. Mich. Feb. 18, 2011); *Crump v. Winn & Chaplin*, No. 2:11-CV-10409 (E.D. Mich. March 27, 2012). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g).[1]

To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id.*; *see also Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). The allegations must also be sufficiently serious to allow a court to draw a reasonable inference that the danger exists. Thus, conclusory, ridiculous, or clearly baseless assertions are insufficient to invoke the exception. *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner*, 290 F. App'x at 798.

Plaintiff does not allege facts which indicate that he is under imminent danger of serious physical injury. First, to the extent that he complains about conditions at JCF and sues employees at that facility, he cannot establish that he is under imminent danger because he is no longer confined at JCF and those individuals are no longer responsible for his care. Second, Plaintiff's concerns about set-ups and theft from other prisoners due to a lack of key locks do not involve his physical well-being. Third, Plaintiff's assertion that he is subject to physical assaults based upon his disability is conclusory and unfounded. Fourth, while Plaintiff is concerned about a weakened immune system, contamination from incontinence (his own), and/or deterioration of his medical condition relative to his request for a single cell, medical facility placement, and antibacterial soap, those concerns are speculative and conclusory. He neither alleges nor establishes that he being denied medical care, necessary

---

[1]Plaintiff has previously been denied permission to proceed without prepayment of the filing fee due to his three-strike status. *See Crump v. Morey, et al.*, No. 5:12-CV-13133 (E.D. Mich. Aug. 19, 2013) (case dismissed for failure to pay fee on Sept. 6, 2013).

accommodations, or medication for his condition. *Cf. Vandiver v. Prison Health Svs., et al.*, 727 F.3d 580, 587 (6th Cir. 2013) (prisoner sufficiently alleged imminent danger of serious physical injury where he claimed that defendants denied him specialty care visits, prescribed shoes, a proper diet, and medication for his Hepatis C and diabetic condition). Plaintiff fails to show that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three prior cases which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** his application to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: July 23, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 23, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

4