UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP, JR., #236528,

Plaintiff,

v. CASE NO. 14-CV-12761
HONORABLE DENISE PAGE HOOD

RICHARD CADY, et al.,

Defendants.
______________________________/

**ORDER OF PARTIAL SUMMARY DISMISSAL**
**AND DIRECTING SERVICE OF REMAINING COMPLAINT**

## I. INTRODUCTION

Michigan prisoner Horace W. Crump, Jr. ("Plaintiff"), currently confined at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan, has filed an amended pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("1983") and Title II of the Americans with Disabilities Act ("ADA"), ECF No. 10, which is now before the Court for preliminary screening in this reopened case.

In his amended complaint, Plaintiff alleges that he suffers from multiple sclerosis, a possible traumatic brain injury, and optic neuritis and that he was denied proper accommodations, i.e., a single person room, denied proper medical care, not

protected from fellow inmates, denied equal protection/subject to disability discrimination, subject to a conspiracy, subject to retaliation, and suffered intentional emotional distress while confined at the Cotton Correctional Facility ("JCF") in Jackson, Michigan in 2011-2012. Plaintiff also references a 2013 prison transfer and his accommodation at the Lakeland Correctional Facility ("LCF") and his access to medical supplies at the Carson City Correctional Facility ("DRF") in 2014. Plaintiff names JCF Resident Unit Manager Richard Cady ("Cady"), JCF Medical Provider Dr. Karen Rhodes ("Rhodes"), and the Michigan Department of Corrections ("MDOC") as the defendants. He sues Cady and Rhodes in their personal capacities for monetary damages and sues Cady, Rhodes, and the MDOC in their official capacities for injunctive relief. ECF No. 10.

The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. ECF No. 20. For the reasons set forth, the Court concludes that Plaintiff's complaint is subject to partial summary dismissal.

## II. REVIEW STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## III. DISCUSSION

### A. Mootness of Injunctive Relief Claims

Plaintiff's allegations concern events that occurred at JCF in 2011-2012 (the bulk of his complaint), LCF in 2013, and DRF in 2014, but he is now (in 2026)

confined at SRF. Consequently, his requests for injunctive relief, under § 1983 and/or the ADA, are moot because he is no longer incarcerated at JCF, LCF, or DRF where the events giving rise to his complaint occurred. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (ruling that prisoner's requests for injunctive and declaratory relief under § 1983 and the ADA against the MDOC and prison employees were moot due to the prisoner's transfer to another prison); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff's claims for injunctive relief against all of the defendants must be dismissed. This dismissal is without prejudice to any new or existing complaint that Plaintiff may have concerning his current prison conditions (which are not part of this case).

**B. § 1983 and ADA Claims against the MDOC**

Because Plaintiff only seeks injunctive relief against the MDOC, whether under §1983 and/or the ADA, and such claims for relief are moot, the MDOC must be dismissed from this case.

**C. ADA Claims against Cady and Rhodes**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA

applies to state prisons and prisoners. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-212 (1998). The proper defendant for such claims is the public entity or an official acting in his or her official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396-397 (6th Cir. 2002); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005). Plaintiff sues Cady and Rhodes in their individual and official capacities. Because Plaintiff cannot pursue ADA claims against them in their individual capacities, any ADA claims against them in their individual capacities must be dismissed. And, given that Plaintiff seeks only injunctive relief against Cady and Rhodes in their official capacities, and such injunctive relief requests are moot, his ADA claims against Cady and Rhodes must be dismissed in their entirety.

**D. § 1983 Equal Protection/Disability Discrimination Claim**

It is well-settled that prisoners and detainees are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state an equal protection claim, a plaintiff must plausibly allege that the defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook*

*v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-588 (6th Cir. 2004). A plaintiff must plead facts allowing an inference of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Community Hope Found.*, 538 U.S. 188, 194 (2003); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019). To establish a disability discrimination claim under the Equal Protection Clause, a plaintiff must show "that there was no rational basis for the state action that treated [him] differently because of [his] disability." *Bullington v. Bedford Cnty., TN.*, 905 F.3d 467, 488 (6th Cir. 2018).

Plaintiff fails to allege sufficient facts to support an equal protection/disability discrimination claim in his complaint. Prisoners (and pretrial detainees) are not members of a protected class for equal protection purposes, *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005), and while disabled individuals are a protected class, Plaintiff fails to indicate with specificity how he was treated differently from others who were similarly situated and/or fails to allege facts which show that any disparate treatment was intentional and based on his disability as to Cady and Rhodes. At most, his allegations indicate dissatisfaction with his accommodations and medical care -- how he was treated for his disability, not purposeful disability-based discrimination -- that he was denied those things because he is disabled (as well as retaliation for his grievances and complaints, namely as to Cady). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556

U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009). Plaintiff fails to state an equal protection/disability discrimination claim in his complaint. The claim must be dismissed.

**E. § 1983 Conspiracy Claim**

Plaintiff also asserts that Cady and Rhodes conspired against him. To state a conspiracy claim under § 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity.

Plaintiff's conspiracy claim is vague and conclusory. He fails to set forth specific factual allegations to state a conspiracy claim against Cady and Rhodes. As discussed, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91, and this extends to conspiracy claims, *see, e.g., Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d

1534, 1538 (6th Cir. 1987). Plaintiff fails to state a conspiracy claim in his complaint. The claim must be dismissed.

**F. § 1983 Deliberate Indifference, Failure to Protect, Retaliation, & Intentional Infliction of Emotional District Claims**

Plaintiff's remaining claims against Cady and/or Rhodes alleging deliberate indifference to his medical needs, the failure to protect him, retaliation, and intentional infliction of emotional distress state plausible, potential claims for relief under § 1983 and state law (as to the latter). Consequently, those claims are not subject to summary dismissal.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's claims for injunctive relief under §1983 and/or the ADA are moot, that he has no other requested relief against the MDOC, that he cannot bring an ADA claim against Cady and Rhodes in their individual capacities and has no other requested relief under the ADA against them in their official capacities, and that he fails to state equal protection/disability discrimination and conspiracy claims under § 1983 against Cady and Rhodes in his complaint.

The Court further concludes that Plaintiff states plausible claims for deliberate indifference to his medical needs, failure to protect him, retaliation, and intentional infliction of emotional distress against Cady and/or Rhodes under § 1983 and state law which survive initial screening. While Plaintiff may or may not prevail on

those claims, he states potential claims for relief such that those claims are not subject to dismissal at this time.

Accordingly,

**IT IS ORDERED** that the **M.D.O.C. Defendant**, the ADA claims, the equal protection/disability discrimination claim, and the conspiracy claim are **DISMISSED** from this case. The claims for deliberate indifference to Plaintiff's medical needs, failure to protect him, retaliation, and intentional infliction of emotional distress against Defendants Richard Cady and/or Karen Rhodes under § 1983 and state law remain.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to forward a copy of the complaint and a copy of this order to be served on Cady and Rhodes by the United States Marshal without prepayment of costs.

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: September 24, 2026